**Lonnie Ray BARFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–01204–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 1999.

**24**

Joseph W. Varela, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before ANDERSON, EDELMAN and LEE *, JJ.

## MAJORITY OPINION

ANDERSON, Justice.

Appellant, Lonnie Ray Barfield, appeals his felony conviction for driving while intoxicated. On appeal, appellant brings one point of error. Appellant argues the evidence is legally insufficient to support a felony driving while intoxicated conviction. We reverse and render judgment of acquittal.

## Background

Appellant was charged by indictment with the primary offense of misdemeanor driving while intoxicated, on January 22, 1996, enhanced to a third degree felony with two prior driving while intoxicated convictions.[1] In addition, the indictment contained two punishment enhancement paragraphs alleging appellant had prior felony convictions for aggravated robbery and burglary of a motor vehicle. After finding appellant guilty, the trial court also found all the enhancement paragraphs to be true and thereafter sentenced him to thirty-five years confinement in the Texas Department of Criminal Justice. At trial, the State did not offer evidence of appellant's prior driving while intoxicated convictions until the punishment phase.[2]

## Analysis

On appeal, appellant contends the evidence is legally insufficient to support a conviction for felony driving while intoxicated. In a legal sufficiency review, an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126, 132 (Tex.Crim.App.1996); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993). The appellate court reviews the evidence, as a matter of law, to determine whether the case should have been submitted to the

---

* The Honorable Norman R. Lee Senior Justice sitting by assignment.

1. In order to elevate the misdemeanor offense of DWI to a third degree felony, thus giving the district court jurisdiction, the two prior DWI convictions must be included in the indictment because they are jurisdictional. *See Williams v. State,* 946 S.W.2d 886, 898–99 (Tex.App.—Waco 1997, no pet.) Criminal jurisdiction over the person of the defendant requires the due return of a felony indictment. *See Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex. Crim.App.1980). If the court lacks jurisdic-

tion, any judicial action is void; where the court is without jurisdiction it has no authority to render any judgment other than one of dismissal. *See id.* at 528 n. 5.

2. After both sides rested the trial court asked when the State intended to prove up the enhancement paragraphs concerning appellant's prior driving while intoxicated convictions. The prosecutor informed the trial court such evidence would be presented only if the court found appellant guilty.

trier of fact. *See Clewis,* 922 S.W.2d at 133. The appellate court is not to reevaluate the weight and credibility of the evidence, but acts only to ensure the trier of fact reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim. App.1993). The trial court, when acting as the trier of fact, is the sole judge of the credibility of the witnesses. *See Soto v. State,* 864 S.W.2d 687, 691 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd). Furthermore, if upon review an appellate court finds the evidence is legally insufficient, it must render a judgment of acquittal. *See Clewis,* 922 S.W.2d at 133 (citing *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)). This result is mandated when the evidence is legally insufficient because the case should have never been submitted to the factfinder. *See id.*

Appellant argues that two prior DWI convictions are elements of felony DWI. Thus, appellant argues the State was required to introduce evidence of his two prior DWI convictions during the guilt stage of his trial instead of during the punishment stage. The State failed to offer his prior DWI convictions until the punishment stage. Thus, appellant argues his felony conviction is not legally supported by the evidence. The State responds by asserting that because the driving while intoxicated statute has been recodified and changed, the rationale requiring proof of the prior convictions during guilt/innocence no longer applies.

Therefore, the State argues the prosecutor was not required to introduce evidence of appellant's prior DWI convictions until the punishment phase of trial. We disagree.

According to section 49.09(b) of the Penal Code, the prior offenses must be proven in the guilt stage of trial. Section 49.09(b) reads as follows:

> (b) If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been convicted two times of an offense relating to the driving or operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, or an offense of operating a watercraft while intoxicated, the offense is a felony of the third degree.

Tex. Pen.Code Ann. § 49.09(b) (Vernon Supp.1999) (effective Sept. 1, 1995). Under section 49.09, proof of two prior convictions is an element of felony DWI. *See Will v. State,* 794 S.W.2d 948, 952 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd); *Jimenez v. State,* 981 S.W.2d 393, 396 (Tex.App.—San Antonio 1998, pet. ref'd); *Hampton v. State,* 977 S.W.2d 467, 469 (Tex.App.—Texarkana 1998, pet. ref'd); *Williams v. State,* 946 S.W.2d 886, 899 (Tex.App.—Waco 1997, no pet.). The prior DWI convictions are not enhancements reserved for the punishment stage, but are part of the proof at the guilt/innocence stage for felony DWI.[3] *Cf. Luedke v. State,* 711 S.W.2d 657, 659 (Tex.Crim.App. 1986) (construing Art. 6701*l*-2, V.A.C.S.,

---

**3.** The Legislature's use of words in Penal Code section 49.04(b) eliminates any doubt that section 49.09 is only a punishment provision and not a separate offense because of its failure to utilize the words at the beginning, "a person commits an offense." Section 49.04(b) establishes felony DWI as a separate offense, thus dictating the phase of the trial where the prior convictions are offered, by utilization of the phrase "Except as provided by ... Section 49.09, an offense under this section is a Class B misdemeanor...." We conclude that the two prior convictions described in section 49.09(b) elevate a new misdemeanor DWI offense to a felony, a separate offense from that new misdemeanor offense.

Moreover, if, as the dissent suggests, the two prior DWI convictions are merely for punishment enhancement, the district court loses jurisdiction over the new section 49.04 misdemeanor DWI. Criminal district courts have jurisdiction in criminal cases of the grade of felony. *See* Tex.Code Crim. Proc. Ann. art. 4.05 (Vernon Supp.1999). Because a single offense under section 49.04 is a misdemeanor if not enhanced to a felony offense with evidence of prior convictions under section 49.09(b), that misdemeanor is not triable in the district court. *Cf. Greenwood v. State,* 76 Tex.Crim. 364, 174 S.W. 1049, 1050 (1915) (holding theft of automobile, as a misdemeanor, was not triable in district court).

which established one prior conviction as an element of felony DWI, to require proof of the prior conviction at the guilt/innocence stage of trial in order to authorize a conviction). Because the State failed to put on evidence of appellant's two prior convictions in the guilt-innocence phase of trial, it did not prove the essential elements of the offense of felony DWI. Thus, the evidence is legally insufficient to support appellant's conviction. Accordingly, we are required to reverse the judgment of the trial court and order Lonnie Ray Barfield acquitted of the crime for which he was convicted. *See Clewis*, 922 S.W.2d at 133.

The judgment of the trial court is reversed, and a judgment of acquittal is rendered.

### EDELMAN, Justice, dissenting.

Once the jurisdiction of a trial court has properly been invoked to try the charged offense, the trial court is authorized to proceed to judgment on any lesser included offense determined from the offense charged and the facts of the case. *See Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Crim.App.1987). Therefore, in a bench trial, the trial court is authorized to find the defendant guilty of any lesser offense for which the State provides the required proof. *See Shute v. State*, 877 S.W.2d 314, 314 (Tex.Crim.App.1994). This is true even if consideration of the lesser included offense is not requested by either party. *See Mello v. State*, 806 S.W.2d 875, 877 (Tex.App.—Eastland 1991, writ ref'd). It also allows a district court to find a defendant guilty of only a misdemeanor, even though the district court's jurisdiction is generally limited to felony offenses.[1]

Similarly, a court of appeals has authority to modify a trial court's judgment and affirm it as modified. *See* Tex.R.App. P. 43.2(b). This includes reforming a trial court's judgment to a conviction for a lesser included offense where the evidence is sufficient to prove only the lesser offense and not the greater charged offense. *See Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim.App.1993).[2] An offense is a lesser included offense if it is established by proof of the same or less than all of the facts required to establish the commission of the charged offense. *See* Tex.Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981).

If it is shown on the trial of a misdemeanor DWI offense under section 49.04 of the Penal Code that the defendant has twice previously been convicted of operating a motor vehicle while intoxicated, the DWI offense is a third degree felony. *See* Tex. Pen.Code Ann. § 49.09 (Vernon Supp. 1999). If, under section 49.09, the two prior DWI convictions are *elements* of the felony DWI offense, as the majority opinion holds, then a misdemeanor DWI offense under section 49.04 is a lesser included offense of a section 49.09 felony DWI offense.

In this case, appellant's indictment alleged first that he had operated a motor vehicle in a public place while intoxicated, *i.e.*, a section 49.04 offense, then alleged in separate paragraphs that he had two prior DWI convictions. Appellant does not challenge the sufficiency of the evidence to prove the underlying section 49.04 DWI offense. When the State failed to prove the two prior convictions during the guilt-innocence phase, even if the trial court was

---

1. *See* Tex.Code Crim. Proc. Ann. art. 4.06 (Vernon 1977) ("Upon the trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor."); *id.* art. 4.05 (district courts and criminal district courts have original jurisdiction in criminal cases of the grade of felony).

2. Because the present case was tried to the court, the ability to reform the judgment is not limited by whether a charge on the lesser included offense was submitted to the jury. *See Bigley*, 865 S.W.2d at 27; *Lockett v. State*, 874 S.W.2d 810, 818 (Tex.App.—Dallas 1994, writ ref'd).

thereby not then authorized to convict appellant of the section 49.09 offense, it was authorized to convict him of the section 49.04 offense and should have done so. Therefore, even if the two prior convictions were elements of the section 49.09 DWI offense, as the majority holds, we should, at a minimum, reform the judgment to reflect a misdemeanor DWI conviction under section 49.04, affirm the judgment as to the adjudication of guilt as so modified, reverse the imposition of punishment, and remand the case for a new punishment determination.

But were the two prior DWI convictions elements of the section 49.09 offense, and were they required to be proved during the guilt-innocence phase of trial? Wherever the Penal Code identifies an offense and sets forth its elements, the provision is prefaced with the phrase, "A person commits an offense if . . . ," whereas provisions setting forth mere punishment enhancements begin with the language, "If it be shown on the trial of. . . ." *See Wilson v. State,* 772 S.W.2d 118, 121, 122 (Tex.Crim. App.1989). In this manner, the statutory scheme that is consistent throughout the Penal Code clearly delineates between conduct that is intended to be an offense and that which merely subjects one to enhanced punishment, the proof of which is reserved for the punishment phase of the criminal proceeding. *See id.* at 122–23.

Section 49.04(a) of the Penal Code provides, "*A person commits an offense if* the person is intoxicated while operating a motor vehicle in a public place." *See* TEX. PEN.CODE ANN. § 49.04(a) (Vernon Supp. 1999) (emphasis added). By contrast, section 49.09(b) provides, "*If it is shown on the trial of an offense under Section 49.04,* . . . that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, . . . the offense is a felony of the third degree." *See id.* § 49.09(b) (emphasis added). Under the foregoing rationale of *Wilson,* section 49.09 does not define a distinct offense, as does section 49.04, but is only an enhancement provision for section 49.04.[3] Because section 49.09 does not describe a distinct offense, the two prior convictions described in it can not be elements of an offense, *i.e.,* such as would ordinarily need to be proved during the guilt-innocence phase of a trial.[4]

Even if they are not elements of an offense, must the two prior convictions referred to in section 49.09 nevertheless be proven during the guilt-innocence phase because they are "jurisdictional," *i.e.,* necessary to allege a felony that confers jurisdiction on the district court? Arguably, even though prior convictions are only jurisdictional *enhancements* and not jurisdictional *elements,* their jurisdictional nature still requires them to be proved during the guilt-innocence phase in order to authorize a trial court or jury to find a defendant guilty of a felony within the jurisdiction of the district court before moving to the issue of punishment. *See, e.g., Pope v. State,* 802 S.W.2d 418, 421 n. 2 (Tex.App.—

---

3. A plain reading of the prefatory phrase of section 49.09 also makes it clear that the offense actually being tried is that under section 49.04 rather than any separate offense created by section 49.09.

4. The former felony DWI statute, article 67011–2, provided, in part:

> Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle . . . while intoxicated . . . and who shall thereafter drive or operate an automobile or other motor vehicle . . . while such person is intoxicated . . . shall for

each and every subsequent such violation be guilty of a felony. . . .

Act of 1941, 47th Leg., 1941 Tex. Gen. Laws 819, *repealed by* Act of 1983, 68th Leg., 1987 Tex. Gen. Laws 1607. Under the language of the statute, the felony DWI offense was a different offense than the corresponding misdemeanor DWI offense; and the prior conviction was an element of the felony that had to be proved at the guilt-innocence stage of trial to authorize a conviction. *See Luedke v. State,* 711 S.W.2d 657, 659 (Tex.Crim.App.1986).

Austin 1991, no writ).[5]

On the other hand, "felony" is defined in the Penal Code as an offense so designated by law *or* punishable by death or confinement in a penitentiary. *See* TEX. PEN.CODE ANN. § 1.07(a)(23) (Vernon 1994). The punishment for a third degree felony is imprisonment in the institutional division of the Texas Department of Criminal Justice for two to ten years. *See id.* § 12.34. To the extent that an offense is a misdemeanor, such as that under section 49.04, but becomes (or is punishable as) a third degree felony through enhancements, such as under section 49.09, the offense arguably falls within the foregoing definition of a felony, and thus within the jurisdiction of a district court,[6] even though its standing as a felony is not established during the guilt-innocence phase but only as a result of evidence admitted during the punishment phase. Viewed in this way, the failure to admit appellant's prior DWI convictions into evidence until the punishment phase of his trial was not fatal to his conviction for felony DWI, and his conviction therefor can be affirmed.

---

**5.** *See also* TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1999) (when prior convictions are alleged for purposes of enhancement only *and are not jurisdictional,* that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held).

**6.** *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.1999).