**Pedro ORONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–00–00196–CR.**

Court of Appeals of Texas, El Paso.

June 7, 2001.

Jacqueline W. Allen, Allen & Borland, Midland, for Appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Eric Kalenak, Asst. Dist. Atty., Midland, for State.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

McCLURE, Justice.

Pedro Orona appeals his conviction for the felony offense of driving while intoxicated. A jury found Appellant guilty and the trial court assessed punishment at imprisonment for a term of ten years, probated for five years, and a $1,000 fine. We affirm.

## FACTUAL SUMMARY

While on routine patrol during the early morning hours of June 21, 1999, Officer Paul Brown of the Midland Police Department observed a brown Buick which contained several occupants. Because he could not ascertain whether all of them were wearing seat belts, he turned around and followed the Buick. As he followed, Brown ran the license plates on his patrol car's computer. As the Buick approached a green light, the driver came to a complete stop before proceeding through the intersection and then turned into a convenience store parking lot. Because the driver did not signal the right hand turn, Brown activated his emergency lights. The driver entered the parking lot and while traveling at approximately three to five m.p.h., struck the concrete pillar which protects the gas pumps. Brown believed that if the concrete pillar had not been there, the Buick would have struck the gas pumps. Brown could tell that none of the car's occupants had been secured by seat belts because all of them flew straight forward and then settled back into their seats. While continuing to watch the occupants, he approached the vehicle and determined that no one had been injured. Appellant was seated in the driver's seat, Javier Orona sat in the front passenger seat, Michael Madrid sat behind the driv-

er, and Gilbert Moreno was in the right rear passenger seat.

Noting a strong odor of alcohol in the vehicle, Brown required Appellant to exit the car. Once he got Appellant out of the car, Brown could smell an extremely strong odor of alcohol on Appellant's person and he noted that Appellant's speech was slow, thick, and slurred. Brown could smell the odor even as he stood three to five feet away from Appellant. Appellant appeared unsteady and had to lean against the vehicle for support. Brown administered the horizontal gaze nystagmus test to Appellant. Based upon the almost immediate onset of nystagmus, Brown determined that Appellant was intoxicated. He did not observe any evidence of head injury from the accident. Brown also requested that Appellant perform two standardized field sobriety tests, walking heel to toe and standing on one foot. Appellant swayed as Brown provided the instructions and he could not maintain his balance during either test. Based upon Appellant's poor performance, Brown concluded that Appellant had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body, and consequently, did not require him to do any other field sobriety tests. Brown arrested Appellant and transported him to the county jail. All three passengers were arrested for public intoxication. Appellant refused to provide a specimen of his breath for determination of the blood alcohol content.

Gilberto Moreno testified on Appellant's behalf at trial. Appellant's brother, Javier Orona, was driving the car that evening when they saw the police officer begin following them. After they pulled into the convenience store parking lot and struck the concrete pillar, Appellant and his brother switched places because Javier had been born in Mexico. Similarly, Appellant testified that Javier had been driving but he changed places with him after the vehicle came to a stop. However, Appellant claimed that he and Javier had their seat belts buckled, but unbuckled them before the vehicle struck the concrete pillar, and then quickly changed places. Appellant did not want Javier to go to jail since he was from Mexico. Javier returned to Mexico about one month after this incident.

## LEGAL SUFFICIENCY

In Point of Error No. One, Appellant contends that the evidence is legally insufficient to prove the two driving while intoxicated convictions alleged in the indictment for jurisdictional purposes because the State did not offer any evidence to prove those allegations.

Just prior to the beginning of trial, Appellant stipulated that he had previously been convicted of driving while intoxicated as alleged in the indictment. Citing the Court of Criminal Appeals' decision in *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim. App.2000), Appellant objected to the introduction of the stipulation before the jury and stated that there was no need for the State to offer any proof and no need to have the jury make a finding with respect to the prior convictions. Expressing concern with the theoretical difficulties presented by Appellant's interpretation of *Tamez*, the State questioned how it would be able to prove the prior convictions if the stipulation were not introduced before the jury. Given Appellant's insistence that *Tamez* precluded introduction of the stipulation, the State suggested as an alternative that the trial court at least instruct the jury in its charge that the defendant had stipulated to the prior convictions. The trial court ruled that it would allow the State to read the enhancement allegations pursuant to *Tamez* and it would include an

instruction in the charge regarding the stipulated facts. The stipulation was admitted into evidence as State's Exhibit 6 but it was not published to the jury. Additionally, certified copies of the judgment and sentence from each of these convictions, and Appellant's driving record, were also admitted into evidence, but again, the jury was not allowed to see the exhibits. The court's charge instructed the jury that Appellant had stipulated to two prior convictions but it did not specify that the stipulation related to the two specific convictions alleged in the indictment.[1] Thus, Appellant argues that the evidence is insufficient to sustain his conviction because the State failed to prove he committed the two prior convictions specifically alleged in the indictment.

Under Section 49.04 of the Penal Code, driving while intoxicated is a Class B misdemeanor, unless it is shown at trial that the person has been convicted of two prior DWI offenses. *See* Tex.Penal Code Ann. §§ 49.04(b), 49.09(b)(Vernon Supp. 2001). In that event, the offense is elevated to a third degree felony. *See* Tex.Penal Code Ann. § 49.09(b). When prior convictions are used to elevate a misdemeanor DWI offense to a felony, the prior convictions must be alleged in the indictment in order for the trial court to gain jurisdiction. *Tamez*, 11 S.W.3d at 201; *Turner v.. State*, 636 S.W.2d 189, 196 (Tex. Crim.App.1980). Because the prior convictions are jurisdictional elements of the offense, the State must also prove the prior convictions at the guilt-innocence phase of trial and the prior convictions must be included in the body of the main charge before the jury is authorized to make a general finding of guilt. *See* Tex.Penal Code Ann. § 49.09(b); *Luedke v. State*, 711 S.W.2d 657, 659 (Tex.Crim.App.1986).[2] Al-

---

1. The pertinent portion of the charge stated: "The offense of Driving While Intoxicated is a felony offense if before the commission of the offense on trial, the person has previously been convicted two or more times of the offense of driving or operating a motor vehicle upon a public road or in a public place while intoxicated or under the influence of intoxicating liquor. You are instructed that the defendant has stipulated that he has been convicted two times of the offense of driving and operating a motor vehicle upon a public road or in a public place while intoxicated, and the court has so found." In Point of Error No. Three, we address whether the trial court erred in including this instruction in the charge.

2. In *Barfield v. State*, 999 S.W.2d 23 (Tex. App.—Houston [14th Dist.] 1999, pet. granted), a felony DWI prosecution, the State failed to prove the prior convictions at the guilt-innocence phase of a bench trial. Finding the prior convictions to be jurisdictional elements, the court of appeals found the evidence insufficient and rendered a judgment of acquittal. *Id.* at 25–26. Among other things, the dissent vigorously argued that in a bench trial, the judge is authorized to find the defen-

dant guilty of the lesser included offense. *Id.* Therefore, the judgment should be reformed to reflect a misdemeanor DWI conviction, and the cause reversed for a new punishment hearing. *Id.* Drawing a distinction between the language of the former DWI statute and Section 49.09(b), the dissent also asserted that prior DWI convictions are no longer an essential element of a felony DWI prosecution. *Id.* While the prior convictions must be alleged in order for the district court to obtain jurisdiction, they are not essential elements of the offense under Section 49.09(b), and therefore, the failure to prove them until the punishment phase of trial did not render the evidence insufficient. *Id.* Alternatively, the dissent noted that the prior convictions, as jurisdictional "enhancements," may still need to be proved at the guilt-innocence phase of trial before the trial court or jury is authorized to find the defendant guilty of felony DWI. *Id.* at 28, *citing Pope v. State*, 802 S.W.2d 418, 421 n. 2 (Tex.App.—Austin 1991, no writ)(describing prior convictions as jurisdictional enhancements rather than jurisdictional elements, but still holding that they must be alleged in the indictment and proven in the guilt-innocence phase before the jury is authorized to make a general finding of guilt).

though it is not jurisdictional, the State is required, pursuant to Article 36.01 of the Code of Criminal Procedure, to read the indictment, including the allegations related to the prior DWI convictions. *See Tamez*, 11 S.W.3d at 201; TEX.CODE CRIM. PROC.ANN. art. 36.01 (Vernon Supp.2001).

In *Tamez*, the State alleged six prior DWI convictions in the indictment. The defendant offered to stipulate to two previous DWI convictions if the State would be foreclosed from mentioning his prior convictions before the jury. The trial court refused and permitted the State to read the allegations pertaining to all six prior convictions and the State introduced the judgments from each case during its case-in-chief over Appellant's objection that the six prior DWI convictions were substantially more prejudicial than probative under TEX.R.EVID. 403. Following the reasoning of *Old Chief v. United States*, 519 U.S. 172, 192, 117 S.Ct. 644, 655–56, 136 L.Ed.2d 574 (1997), the Court of Criminal Appeals determined that if the defendant stipulates to the two prior convictions, the State is allowed to read only the two prior convictions necessary for jurisdiction. *See Tamez*, 11 S.W.3d at 202. Further, the State is not allowed during its case-in-chief to offer proof of the prior convictions beyond the stipulation. *See Tamez*, 11 S.W.3d at 202–03. Since the stipulation carries the same evidentiary weight as the judgments of the prior convictions, the stipulation is adequate proof of the prior convictions but it lessens the likelihood that the jury will improperly focus on the previous convictions or the defendant's bad character. *Id.* at 202.

■ From our review of the record, it is apparent that the parties and the trial court interpreted *Tamez* as precluding introduction of even the stipulation before the jury. The trial court resolved the dilemma by instructing the jury regarding the existence of the stipulation, but it also went a step further by purportedly making the factual finding pertaining to the prior convictions. For reasons expressed later in this opinion, we do not believe that the procedure followed is either appropriate or required by *Tamez*. However, it does not render the evidence insufficient. As noted, Appellant stipulated that he had previously been convicted as alleged in the indictment, and the trial court instructed the jury regarding the existence of that stipulation. By its verdict, the jury expressly found Appellant "guilty of the offense of Driving While Intoxicated as alleged in the indictment."

■ While the instruction regarding the trial court having made the finding may have been incorrect, in reviewing the sufficiency of the evidence to support a conviction, we measure the evidence against the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *Mast v. State*, 8 S.W.3d 366, 368–69 (Tex.App.—El Paso 1999, no pet.). A hypothetically correct charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik*, 953 S.W.2d at 240; *Mast*, 8 S.W.3d at 369. Moreover, in passing on legal sufficiency of the evidence, we determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State*, 820 S.W.2d 154, 156–57, 159 (Tex.Crim.App.1991). Given that the trial court informed the jury of Appellant's stipulation regarding the prior convictions, and presuming a correct charge, we find the evidence sufficient to

support his conviction. Point of Error No. One is overruled.

## FACTUAL SUFFICIENCY

In Point of Error No. Two, Appellant challenges the factual sufficiency of the evidence to show that he drove or operated the motor vehicle. Appellant raises no complaint regarding the legal sufficiency of the evidence to support this element, and therefore, we begin with the assumption that the evidence is legally sufficient. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). In reviewing factual sufficiency, we consider all of the evidence, but we do not view it in the light most favorable to the verdict. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); *Levario v. State*, 964 S.W.2d 290, 295 (Tex.App.-El Paso 1997, no pet.). We review the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency of the evidence may allege that the evidence is so weak as to be clearly wrong and manifestly unjust, or in a case where the defendant has offered contrary evidence, as in the instant case, he may argue that the finding of guilt is against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 11. Although we are authorized to set aside the fact finder's determination under either of these two circumstances, our review must employ appropriate deference and should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any evidence presented at trial. *See Johnson*, 23 S.W.3d at 7. We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997); *Clewis*, 922 S.W.2d at 135.

Pointing to the testimony that Appellant exchanged places with his brother after the accident because he did not want his brother to go to jail, Appellant argues that the evidence is factually insufficient to establish that he drove or operated the car. Officer Brown expressly contradicted that evidence. He told the jury that he had a clear view of all of the occupants of the car from the time they pulled into the convenience store parking lot until he approached the car after the accident. Although they all were thrown forward upon impact, the passengers and driver stayed in their same relative positions in the car. After the accident, he saw no movement of the occupants and he was sure that the driver and front seat passenger did not change places after the accident. Brown had no doubt that Appellant was the driver of the car. The jury was free to weigh the testimony and credibility of the witnesses, and it resolved the issue against Appellant. Because the jury's finding is not against the great weight and preponderance of the evidence, Point of Error No. Two is overruled.

## CHARGE ERROR

In Point of Error No. Three, Appellant complains that the application paragraph failed to include an essential element of the felony driving while intoxicated offense, namely, it did not require the jury to make a factual finding regarding the existence of the two prior DWI convictions. Admitting that he did not object, he argues that he was egregiously harmed by the error. The State, on the other hand, argues that Appellant is not permitted to raise this complaint because he invited any error by objecting to the

introduction of the stipulation before the jury and by objecting to any mention of the prior convictions in the charge. We agree with the State.

When reviewing charge error, we utilize a two-step review. *Washington v. State*, 930 S.W.2d 695, 698 (Tex.App.— El Paso 1996, no pet.). The Court must first determine whether error actually exists in the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Washington*, 930 S.W.2d at 698. In determining whether charge error exists, we must view the charge as a whole and our review should not be limited to a series of isolated statements or parts of the charge standing alone. *Washington*, 930 S.W.2d at 698; *see Holley v. State*, 766 S.W.2d 254, 256 (Tex.Crim.App.1989). Second, we must determine whether sufficient harm resulted from the error to require reversal. *Almanza*, 686 S.W.2d at 171; *Washington*, 930 S.W.2d at 698. Which harmless error standard applies depends upon whether the defendant objected. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim.App.1994); *Washington*, 930 S.W.2d at 698. In a case where the defendant failed to object, he must show that he suffered actual egregious harm. *Almanza*, 686 S.W.2d at 171; *Washington*, 930 S.W.2d at 698.

As stated in our discussion related to the first point of error, we do not believe the procedure utilized by the trial court is appropriate under *Tamez* and we write to clarify the issue. *Tamez* does not hold that absolutely no mention may be made of the defendant's prior DWI convictions during the State's case-in-chief. Instead, in a case where the defendant is willing to stipulate, *Tamez* prevents the State from reading any additional enhancement allegations beyond the two necessary for jurisdiction, and it limits the evidence of the prior convictions to the stipulation. Thus, the stipulation should be introduced into evidence and published to the jury so that it can make its factual finding regarding those allegations after being appropriately instructed by the trial court in the charge. Assuming that the Court of Criminal Appeals will adhere to the view that the prior convictions are essential jurisdictional elements of an offense under Section 49.09(b), the trial judge is not authorized in a jury trial to make any factual finding regarding an element of the offense, including the existence of the prior DWI convictions. We are unaware of any provision in our Code of Criminal Procedure which would allow some elements of an offense to be submitted to the jury while others are reserved for resolution by the trial court.[3] Here, however, Appellant is not permitted to raise any complaint regarding the failure to include the prior convictions in the application paragraph because Appellant actually invited the error by objecting to the introduction of the stipulation before the jury and objecting to any mention of the prior convictions in the jury charge. *See Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex.Crim.App.1975)(stating the well-settled principle of law that an accused cannot invite error and then complain of it on appeal; the rule applies when a defendant is the "moving factor" creating

---

**3.** Although we need not resolve this issue today, we question whether such a procedure would run afoul of the Sixth Amendment's guarantee that a criminal defendant is entitled to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. *See generally United States v. Gaudin*, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *see also Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435(2000); *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

the error); *Franks v. State*, 961 S.W.2d 253, 255 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Revell v. State*, 885 S.W.2d 206, 211 (Tex.App.—Dallas 1994, pet. ref'd)(stating that defendant cannot induce the trial court to commit error and then complain of it on appeal). Point of Error No. Three is overruled. Having overruled each point of error, we affirm the judgment of the trial court.