**Lonnie Ray BARFIELD, Appellant,**

v.

**The STATE of Texas.**

**No. 1303–99.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 2001.

---

24. *See Schutz,* 998 S.W.2d at 908–914.

Joseph W. Varela, Brian W. Wice, Houston, for appellant.

William J. Delmore, III, Assist. DA, Houston, Jeffrey L. Van Horn, First. St. Att., Austin, for state.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

The resolution of this appeal turns on an issue of the value of evidence given at the

"punishment stage" of a trial without a jury.

An indictment charged the appellant with committing felony DWI and being an habitual felony offender. DWI is a felony when the suspect has been twice previously convicted of DWI (or similar offenses).[1] A person is an habitual felony offender when it is proved on the trial of certain felony offenses, including DWI, that the person is guilty and that the person had previously been finally convicted of two felony offenses, the second of which was for an offense committed after the first conviction became final.[2] To convict the appellant for a felony it was therefore necessary for the State to prove that the appellant committed DWI as alleged, and that he had been twice previously convicted of DWI as alleged. To enhance his punishment to that of an habitual offender, the State had to prove that he had been twice previously convicted of other felonies in the sequence prescribed by law as alleged.

The appellant waived trial by jury.

The trial began with the prosecuting attorney's reading of the portion of the indictment that alleged felony DWI, that is, that the appellant had committed DWI and that he had been twice previously convicted of DWI. The appellant pleaded not guilty. Then the court asked him, "And to the Paragraphs, the First and Second which enhances this to a felony, how do you plead? Are they true or not true?" The appellant pleaded, "Not true."

■ This separate plea was, of course, unnecessary. The two previous convictions of DWI are jurisdictional elements of the offense of felony DWI, which must be alleged to invoke the jurisdiction of the felony court and which must be proved to obtain a conviction of felony DWI.[3] The appellant's plea of not guilty was a denial of those allegations.

The parties presented their evidence on the issue of the instant DWI, but they did not present evidence of the prior convictions for DWI. Then they rested.

■ The court asked the State, "At what point do you prove up the Enhancement paragraphs on the DWI?" The prosecutor answered, "After a verdict, if there's a guilty verdict." This was incorrect in two respects. Proof of the prior DWI convictions is authorized in the State's case-in-chief on the issue of guilt.[4] And, strictly speaking, there is no "verdict" in a trial without a jury; the court makes findings and enters judgment.

The attorneys argued the issue of guilt, and the court found the appellant guilty.

After a recess, the prosecuting attorney read the allegations of previous felony convictions. The appellant pleaded that they were not true. The State presented documentary proof of the previous convictions for DWI and the previous convictions for two felony offenses. The evidence was closed. The court heard arguments, found that the allegations of previous DWI convictions and previous felony convictions were true, and sentenced the appellant to 35 years in prison.

■ The appellant's only point on appeal is that the evidence to prove the offense of felony DWI was insufficient because there was no evidence of the jurisdictional prior convictions of DWI at the

---

1. *See* TEX. PENAL CODE § 49.09(b).

2. *See id.,* § 12.42(d).

3. *See Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Cr.App.2000).

4. *Ibid.*

"guilt stage" of the trial. The court of appeals sustained the point:

> Because the State failed to put on evidence of appellant's two prior convictions in the guilt-innocence phase of trial, it did not prove the essential elements of the offense of felony DWI. Thus, the evidence is legally insufficient to support appellant's conviction. Accordingly, we are required to reverse the judgment of the trial court and order Lonnie Ray Barfield acquitted of the crime for which he was convicted.[5]

All the justices of the panel of the court of appeals agreed with this holding.

One justice dissented to ordering a judgment of acquittal, saying that the judgment should be reformed to a conviction for misdemeanor DWI, that is, DWI without prior convictions for similar offenses. The State's petition for discretionary review raises the same argument. We granted review.

We find that our grant of the State's petition was improvident because the record does not present a case in which the evidence was insufficient to prove the jurisdictional allegations of prior convictions for DWI. We have ordered the parties to brief two questions: (1) whether the bifur- cated-trial provisions of Code of Criminal Procedure article 37.07, section 2(a) apply in a trial without a jury, and (2) whether an appellate review of the sufficiency of evidence on guilt must exclude evidence that was introduced after the trial court announced its finding of guilt in a trial without a jury.[6]

■ The bifurcated-trial procedure that the district court used is not authorized in a trial without a jury. "Prior to the 1965 Code of Criminal Procedure all trials before the court or jury regardless of plea were unitary trials";[7] that is, the issues of guilt and punishment were submitted at the same time. A bifurcated trial procedure was authorized in the 1965 revision of the Code of Criminal Procedure.[8] The bifurcation statute provides, "In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, *which are tried before a jury on a plea of not guilty*, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed."[9] The bifurcation statute "is applicable only to pleas of not guilty before a jury."[10] The statute "ha[s] no application

---

5. *Barfield v. State*, 999 S.W.2d 23, 26 (Tex. App.—Houston [14th Dist.] 1999).

6. The dissenting opinion says that "the court of appeals did not rule on the issue ..., that issue is not properly before us, and we have no jurisdiction to decide it" because we can review "only decisions of the court of appeals; we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court." *Post* at 452 (quotation marks omitted).

  The issue that the appellant raised was the legal sufficiency of the evidence, and the court of appeals decided the issue by excluding the evidence at the "punishment" stage. The court held, "Because the State failed to put on evidence of appellant's two prior convictions in the guilt-innocence phase of trial,

it did not prove the essential elements of the offense of felony DWI. Thus, the evidence is legally insufficient to support appellant's conviction." 999 S.W.2d at 26. We are reviewing that decision.

7. *Duhart v. State*, 668 S.W.2d 384, 386 n. 3 (Tex.Cr.App.1984).

8. *See* Code of Criminal Procedure Act, 59th Leg., R.S., ch. 722, § 1, art. 37.07, sec. 2, 1965 Tex. Gen. Laws, vol. 2, p. 317, 462.

9. Tex.Code Crim. Proc. art. 37.07, § 2(a) (emphasis added).

10. *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Cr.App.1967). *Accord Duhart v. State*, 668 S.W.2d 384, 386 n. 3 (Tex.Cr.App.1984) ("The

to a trial before the court on a plea of not guilty." [11]

■ This is not the first case in which courts have failed to notice that the bifurcation statute applies only to pleas of not guilty before a jury.

> [S]ome confusion has existed among the bench and bar since the advent of Article 37.07, V.A.C.C.P. Records reaching this court frequently show courts bifurcating bench trials where the plea is guilty. Often the court will hear evidence, declare the defendant guilty, order a pre-sentence investigation and sometimes months later re-convene the "penalty stage" of the guilty plea, allowing the State and defense to offer evidence as to punishment or guilt. [12]

This practice became common after the legislature authorized pre-sentence investigation reports to be used in assessing punishment. Although a bifurcated trial without a jury is not authorized, it is not necessarily a harmful error. "The fact, however, that the proceeding was not so converted [to a unitary trial] was irregular but does not in and of itself call for reversal." [13]

■ But the unauthorized "bifurcation" of a trial without a jury does not mean that a genuinely separate punishment phase exists. In a genuinely bifurcated trial before a jury on a plea of not guilty, evidence that is introduced at the punishment stage of the trial can have little, if any, effect on the force of the evidence on the issue of guilt. [14] In such a case, therefore, "our consideration of the evidence is necessarily limited to that evidence before the jury at the time it rendered its verdict of guilt." [15] But in a trial without a jury on a plea of not guilty, evidence that is introduced at the "punishment" stage of trial is considered in deciding the sufficiency of the evidence to prove guilt.

■ In *Jones v. State*, [16] the case was tried without a jury, the court announced its finding of guilt, and then it heard evidence on punishment before entering judg-

---

statute generally applies to pleas of not guilty before a jury").

**11.** *Courtney v. State*, 424 S.W.2d 440, 443 (Tex.Cr.App.1968).

**12.** *Ricondo v. State*, 634 S.W.2d 837, 842 (Tex.Cr.App.1981) (plurality opinion). *See Bean v. State*, 563 S.W.2d 819, 821 (Tex.Cr.App.1978) (Onion, P.J., concurring) ("Records coming before this Court, particularly from Harris County, have demonstrated a growing tendency to bifurcate these proceedings").

**13.** *Ricondo*, 634 S.W.2d at 842. The dissenting opinion says that *Ricondo* "do[es] not support" our "conclusions," by which it *seems to mean the holding that we make* below. But we cite *Ricondo*, not to support the conclusion of our opinion, but to support the incidental statements that confusion exists about bifurcating bench trials and that bifurcation of a bench trial does not call for reversal. Neither our opinion nor the dissenting opinion can rely on *Ricondo* to resolve questions about the bench trial in this case because Ricondo was convicted in a jury trial, not a bench trial.

**14.** *Cf. Leday v. State*, 983 S.W.2d 713, 720 (Tex.Cr.App.1998) ("[T]estimony of guilt given at the punishment phase of the trial cannot be said to have rendered harmless the introduction of similar testimony at the guilt stage of trial—at least not in the sense we have thought of harmless error in the admission of similar evidence at the guilt phase. Any harmful effects of the introduction of inadmissible testimony were on the jury's decision of guilt. They cannot be ameliorated by the defendant's testimony which follows that decision").

**15.** *Munoz v. State*, 853 S.W.2d 558, 560 (Tex.Cr.App.1993) (disapproving *dicta* to the contrary).

**16.** 532 S.W.2d 596 (Tex.Cr.App.1976).

ment. This evidence included Jones's testimony that he had committed the offense. Jones argued on appeal that the evidence was insufficient to corroborate the testimony of accomplice witnesses as Code of Criminal Procedure article 38.14 requires. We held that Jones's confession "would clearly meet the requirements of Article 38.14." [17]

It is true that the trial judge permitted the bench trial to be bifurcated without objection and that the appellant did not testify until the "penalty" stage of the trial. While Article 37.07, Vernon's Ann. C.C.P., does not require a bench trial to be bifurcated, *cf. Morales v. State*, 416 S.W.2d 403 (Tex.Cr.App.1967), we cannot conclude a different result should be reached in light of the authorities cited because the appellant testified after the court had found him guilty at the "guilt" stage of the trial.[18]

The support for such a holding is not that a defendant's admission of guilt in a punishment stage prevents him from challenging the sufficiency of the evidence of guilt.[19] It is because a jury's decision on guilt in a bifurcated trial is made when it returns its verdict of guilt, but the decision of the court in a unitary trial is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments have been heard.[20]

The court of appeals erred to limit its consideration of the evidence to that which was introduced at the "guilt" stage of this non-jury trial.

It is not contended that the evidence of the appellant's prior convictions for DWI was insufficient in any way other than its having been presented after the "verdict" of guilt, and there are no other points of error in the appeal. Thus we have the information necessary to dispose of the point without a remand.

Therefore we dismiss the State's petition as improvidently granted, grant discretionary review on our own initiative,[21] reverse the judgment of the court of appeals, and affirm the judgment of the district court.

JOHNSON, J., filed a dissenting opinion in which PRICE, J., joined.

MEYERS, J., dissents.

JOHNSON, J., filed a dissenting opinion, in which PRICE, J., joined.

I respectfully dissent. At a bench trial on a plea of "not guilty," appellant was convicted of felony driving while intoxicated and sentenced to thirty-five years

---

**17.** *Id.* at 597.

**18.** *Id.* at 597 n. 1.

**19.** *See Leday*, 983 S.W.2d at 720–21. The dissenting opinion says *Jones* does not support our conclusion. *Post* at 453–54. *Jones* supports our holding that evidence in the "punishment" stage of an improperly divided bench trial will be considered in deciding the sufficiency of the evidence to support the judgment of guilt. In the next sentence of our opinion, we point out that there is a reason other than the one given in *Jones* to so hold.

**20.** *See Ex Parte Rawlinson*, 958 S.W.2d 198, 200 (Tex.Cr.App.1997) (defining a conviction as "an adjudication of guilt and an assess-

ment of punishment"); *Jones v. State*, 797 S.W.2d 33, 34 (Tex.Cr.App.1990) (explaining that a complete verdict in a bench trial requires a finding of guilt and an assessment of punishment by the court). *Compare* TEX.CODE CRIM. PROC. art 37.07 § 3(c) ("In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty....") *with id.*, § 3(d) ("When the judge assesses the punishment, ... he shall forthwith announce his decision in open court as to the punishment to be assessed.").

**21.** *See* TEX.R.APP. P. 66.1 & 67.1.

imprisonment. At the court of appeals, appellant claimed that the evidence was legally insufficient to sustain the conviction. The court of appeals reversed the conviction. It held that because the state did not put on evidence of appellant's two prior convictions in the guilt/innocence phase of trial, it did not prove the essential elements of the offense of felony DWI. *Barfield v. State*, 999 S.W.2d 23, 26 (Tex.App.—Houston [14th Dist.] 1999). Today, pursuant to its own order, a majority of this court holds that because appellant waived his right to a jury trial, his trial should not have been bifurcated. Therefore, the majority concludes that in assessing whether the evidence was sufficient to support the conviction, the court of appeals erred in limiting its consideration of the evidence to that which was introduced at the guilt/innocence stage. *Ante*, at 450–51.

This court's jurisdiction is limited to review of decisions by the courts of appeals. *See* TEX. CONST. art. V, § 5; TEX.CODE CRIM. PROC. arts. 4.04 & 44.45; TEX.R.APP. P. 66.1. As we have repeatedly stated, "This court reviews only 'decisions' of the courts of appeals; we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court." *Sotelo v. State*, 913 S.W.2d 507, 509 (Tex.Crim.App.1995); *see also Davis v. State*, 870 S.W.2d 43, 47 (Tex.Crim.App. 1994); *Farrell v. State*, 864 S.W.2d 501, 502 (Tex.Crim.App.1993); *Tallant v. State*, 742 S.W.2d 292, 294 (Tex.Crim.App.1987). Because the court of appeals did not rule on the issue decided by the majority today, that issue is not properly before us, and we have no jurisdiction to decide it.

However, since the majority considers the merits of the issue, I will do so as well. Section 2(a) of art. 37.07 provides:

> In all criminal cases, other than misdemeanor cases of which the justice court

or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

By its plain language, art. 37.07 applies *only* to jury trials; it says nothing about bench trials. As the majority notes, in *Courtney v. State*, 424 S.W.2d 440, 443 (Tex.Crim.App.1968), we stated that art. 37.07 "is applicable only to pleas of not guilty before a jury." *Ante*, at 449 & n. 10. However, the majority does not note that, in *Courtney*, we were not concerned with the issue of bifurcation. Instead, the defendant's complaint concerned the introduction of his prior criminal record at trial. We held:

> We find no merit in appellant's third ground of error that appellant's prior convictions were introduced to show his 'prior criminal record' when [art. 37.07] had no application to a trial before the court on a plea of not guilty. It is obvious that such convictions were offered for impeachment purposes only.

This is the complete discussion of the applicability of art. 37.07 and can hardly be said to stand for the proposition that a bifurcated bench trial on a plea of "not guilty" is statutorily prohibited. Similarly, *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Crim.App.1967), also cited by the majority (*ante* at 449 & n. 9), specifically states that art. 37.07, § 2(b) "is applicable only to pleas of not guilty before a jury. *Rojas v. State*, [404 S.W.2d 30, (Tex.Crim.App. 1966) ]. It has no application where a defendant waives trial by jury and enters a plea of guilty before the Court in a felony less than capital case." That case, as well as *Rojas*, concerned the situation in which

a defendant waives his right to a jury trial and enters a plea of "guilty"; it does not address the procedure for a bench trial when the defendant has entered a plea of "not guilty." The same is true of *Duhart v. State*, 668 S.W.2d 384 (Tex.Crim.App. 1984), which is also cited by the majority. *Ante*, at 449 & n. 9. While a bifurcated trial on a plea of "not guilty" to the court may not be explicitly authorized, neither is it explicitly prohibited.

Moreover, a bifurcated trial on a plea of "not guilty" to the trial court makes sense as a practical matter. When a defendant pleads "guilty" at a bench trial, the only question that must be answered by the court is punishment. In a bench trial on a plea of "not guilty," the court must, like a jury, first consider the question of guilt or innocence, then, if guilt is found, punishment. In this case, the trial court pronounced appellant guilty of felony driving while intoxicated without proof of the element, two prior convictions for driving while intoxicated, which must be proved before the offense becomes a felony. Whether in error or not, the proceeding was bifurcated, and the trial court had before it evidence sufficient to prove only misdemeanor driving while intoxicated.

Finally, even assuming that appellant's bench trial was erroneously bifurcated, our case law does not support the majority's conclusion that it should be treated as a unitary trial. The majority cites *Ricondo v. State*, 634 S.W.2d 837 (Tex.Crim.App. 1981) (op. on reh'g), for the proposition that "[t]he fact ... that the proceeding was not ... converted [to a unitary trial] was irregular but does not in and of itself call for reversal." *Ante*, at 449–50. In *Ricondo*, the defendant refused to enter a plea after the indictment was read.

Therefore, the trial court entered a plea of "not guilty" for him. *Ricondo*, 634 S.W.2d at 839–40. The defendant then decided that he wished to enter a plea of "guilty." *Id.* at 840. At that point, the trial court gave the defendant admonishments concerning his range of punishment, but the admonishments were not complete. We noted that, even though the trial was originally a bifurcated proceeding, it should have become a unitary proceeding when the defendant changed his plea to "guilty." *Id.* at 841. Because the trial court continued the trial as if it were a bifurcated proceeding, and because admonishments as to the punishment range were not required in a bifurcated trial, we held that failure to admonish was not reversible error. *Id.* That is, even though the trial court erroneously proceeded with a bifurcated trial instead of a unitary trial, we reviewed the defendant's ground as if the trial had been properly bifurcated. *Id.* at 843.

Similarly, the majority cites *Jones v. State*, 532 S.W.2d 596 (Tex.Crim.App. 1976). In *Jones*, the trial court erroneously allowed a bench trial to be bifurcated. *Id.* at 597 n. 1. This Court observed that accomplice-witness testimony in the guilt/innocence stage of trial was corroborated by appellant's testimony, even though he did not testify until the punishment stage of the trial. *Id.* at 597. In *Jones*, as in *Ricondo*, we analyzed the defendant's trial as a bifurcated proceeding, even though it was bifurcated erroneously. 532 S.W.2d at 597 n.l. Thus, neither *Ricondo* and *Jones* support the majority's conclusions. Instead, they indicate that, when a trial is erroneously bifurcated, on appeal it should continue to be treated as a bifurcated trial.[1]

---

1. It is also notable that *Jones* relied in part on *Boothe v. State*, 474 S.W.2d 219 (Tex.Crim. App.1971), and *Garcia v. State*, 522 S.W.2d 203 (Tex.Crim.App.1975). *Jones*, 532 S.W.2d at 597 n. 1. However, both cases were overruled by *Leday v. State*, 983 S.W.2d 713, 721

I do not believe that art. 37.07 applies to a plea of "not guilty" to the trial court or that it prohibits a bifurcated proceeding when a defendant waives a jury trial and pleads "not guilty" to the trial court, nor am I able to find any other statute which prohibits such a proceeding. Even assuming that art. 37.07 statutorily prohibits such a proceeding, our case law indicates that we should still treat the proceeding as bifurcated, even when bifurcated in error.

Because this Court has no jurisdiction to consider the issue decided, and because our case law does not support the majority's holding, I dissent.

(Tex.Crim.App.1998) ("Insofar as these early precedents ... held that appellate complaints about insufficient evidence of guilt would be futile when the appellant admitted his guilt at the punishment phase, they cannot be relied on."), and the majority's reliance on *Jones* is therefore questionable.