PD-1370-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/18/2015 11:33:14 AM
Accepted 2/19/2015 10:23:44 AM
ABEL ACOSTA
CLERK

NO. PD-1370-14
COURT OF APPEALS NO. 08-12–00291-CR

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

SEAN MICHAEL KELLY,
Appellant

VS.

THE STATE OF TEXAS,
Appellee.

MOTION FOR REHEARING
(TRAP 79.1)

On Appeal from the 415ˢᵗ Judicial District Court of Parker County,
Texas
in Cause No. 15133
Hon. Graham Quisenberry, Presiding

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

L. PATRICK DAVIS
SBN 00795775
115 N. Henderson Street
Fort Worth, Texas 76102
(817)870-1544
(817)870-1589        fax

ATTORNEY FOR APPELLANT

**TO THE JUDGES OF THE HONORABLE COURT OF CRIMINAL APPEALS:**

**NOW COMES SEAN MICHAEL KELLY**, Appellant herein, and files this his Motion for Rehearing pursuant to Rule 79.1 of the Texas Rules of Appellate Procedure and would show the following:

This Court refused discretionary review on February 4, 2015. Appellant respectfully asks this Court to reconsider its decision. In its motion to revoke probation, the State alleged that Appellant was unable to abide by the conditions of his probation because he violated one condition:

> (cc) The Defendant shall attend, participate, in and successfully complete a sex offender counseling program with a therapist who is registered with the Interagency Council on sex offender treatment and approved by the Community Supervision officer. This will include any testing, group sessions and after-care prescribed by the counselor and the Defendant shall pay all costs for this program.

(C.R., Vol. 1, p.43).

The State alleged in its motion that Appellant "failed to successfully complete a sex offender counseling program." (C.R., Vol. 1, p.43). In support of this allegation, the State offered one exhibit, over Appellant's objection, through Appellant's probation officer, Steven Dover, of a letter dated June 6, 2012, from Ezio Leite, a licensed sex offender provider and counselor, that stated *inter alia* that Appellant had been discharged from his sex offender treatment program for failing four polygraph

examinations[1] and attached the actual polygraph examination results from the various examinations. (R.R., Vol. 2, p.38, SX-1). In Leonard v. State, 385 S.W.3d 570 (Tex. Crim. App. 2012)(op. on reh'g), this Court held that the results of polygraph examinations for sex offenders on probation are not reliable and, therefore, inadmissible as evidence to revoke probation. Id. at 583. It should be noted that Leonard II was not available at the time of Appellant's revocation hearing.

In the case at bar, the trial court abused its discretion by considering evidence of Appellant's failed polygraphs when determining whether to revoke Appellant's community supervision. When said evidence is excluded, there was nothing to revoke Appellant's community supervision. Accordingly, the trial court abused its discretion in revoking Appellant's probation for failing polygraph examinations as this issue was addressed and resolved by this Court in Leonard II and, as stated above, was not available to Appellant at the time of his revocation hearing. The El Paso Court completely disregarded Leonard II in upholding the trial court's action.

In the case at bar, the trial court heard evidence that did not support the State's allegations contained in its motion to revoke probation and revoked Appellant's probation. (R.R., Vol. 2, p. 73). The trial court then, on its own motion, heard additional

---

[1] Appellant also specifically asked for a Rule 705 hearing before Leite testified and was denied by the trial court. TEX. R. EVID. 705. (R.R., Vol. 2, pp. 39,43).

evidence to determine sentencing. Appellant timely and properly objected to the improper bifurcation. TEX. R. APP. P. 33.1(a). It is well founded that bifurcated proceedings are proper only in cases tried before a jury on a plea of not guilty. TEX. CODE CRIM. PROC. ANN. art. 37.07, §2(a)(Vernon 2012); Barfield v. State, 63 S.W.3d 446, 449-50 (Tex. Crim. App. 2001).

The El Paso Court unjustifiably attempts to extend Barfield to encompass probation revocation proceedings in order to uphold the judgment of the trial court. There is absolutely no authority that would allow the El Paso Court to take such action. This Honorable Court must sustain Appellant's objection to the improper bifurcation for the reasons stated herein, strike the testimony of Leite on recall and reverse the judgment of the El Paso Court as a matter of law for the improper bifurcation of Appellant's probation revocation proceeding.

For this Court to just remain silent and leave this issue squarely on the shoulders of the Supreme Court of the United States to decide is just wrong. "Our criminal justice system makes two promises to its citizens: a fundamentally fair trial and an accurate result. If either of those two promises are not met, the criminal justice system itself falls into disrepute and will eventually be disregarded." Jacobson v. State, 398 S.W.3d 195, 200 (Tex. Crim. App. 2013), quoting, Ex parte Thompson, 153 S.W.3d 416, 421 (Tex. Crim. App. 2005)(Cochran, J., concurring). This Court protected Leonard, but now turns its back on Kelly and allows

conviction by polygraph. U.S. CONST. amend. XIV; <u>United States v. Scheffer</u>, 523 U.S. 303, 118 S.Ct. 1261 (1998)(for the proposition that polygraph examinations are unreliable). Accordingly, this Court's decision to refuse discretionary review is absolutely baffling in light of <u>Leonard II</u>.

Counsel believes that Appellant's case deserves a second look and as such, counsel hereby certifies that this Motion is grounded in well-settled law from the Supreme Court of the United States as cited above and that said Motion is brought in good-faith and not for delay.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court grant this Motion for Rehearing and after a full review hereon reverse the judgment of the Court of Appeals for the reasons stated herein and for any other relief Appellant may be justly entitled.

RESPECTFULLY SUBMITTED,

L. Patrick Davis
SBN 00795775
115 N. Henderson Street
Fort Worth, Texas    76102
(817)870-1544
(817)870-1589    fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via facsimile to Hon. Don Schnebly, Parker County District Attorney, 117 Fort Worth Highway, Weatherford, Texas 76086, and Hon. Matthew Paul, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 on February 18, 2015.