COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO.
2-08-243-CR

 

 

JAMES JOHN KARL                                                             APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

           FROM COUNTY
CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








Based on
a plea agreement, Appellant James John Karl pleaded nolo contendere to the
offense of theft of $500B$1500,[2]
and the trial court sentenced him to one year=s
confinement, probated for two years, and a fine of $1,000.  Two conditions of Appellant=s
community supervision were that he commit no offense against the laws of the
State (condition AA@) and
that he furnish a breath or urine sample at the request of any peace officer
who has probable cause to believe that he may have committed an intoxication
offense under chapter 49 of the Texas Penal Code (condition AK@).

During
the period of community supervision, Appellant was arrested for driving while
intoxicated (DWI) with an open container. 
He refused to give a breath sample when he was arrested.  He was subsequently tried for and acquitted
of DWI.

In
addition to prosecuting Appellant for DWI, the State moved to revoke his
community supervision, alleging that he had violated the conditions of his
community supervision by committing a new offense, DWI, and by refusing to give
a breath test.  At the revocation
proceeding, Appellant stood mute before the trial court, so the trial court
entered pleas of Anot true@ on his
behalf.  The trial court heard evidence
and pronounced its findings of true on both allegations.  The trial court then heard evidence on
punishment and assessed punishment at 180 days in jail.








Appellant
brings three points on appeal, arguing that the trial court erred by bifurcating
the revocation proceeding, admitting victim impact testimony during a
misdemeanor theft revocation proceeding, and revoking his probation in a matter
in which the State failed to meet its burden of proof.  Because we hold that the trial court did not
reversibly err, we affirm the trial court=s
judgment.

We
review an order revoking community supervision under an abuse of discretion
standard.[3]  A trial court abuses its discretion when its
ruling is made without reference to any guiding rules or principles, rendering
the conclusion ultimately reached so arbitrary and unreasonable that it falls
outside the zone within which reasonable minds may differ.[4]








In a
revocation proceeding, the State must prove by a preponderance of the evidence
that the defendant violated the terms and conditions of community supervision.[5]  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.[6]  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.[7]  If the State fails to meet its burden of
proof, the trial court abuses its discretion in revoking community supervision.[8]

In his
first point, Appellant argues that he was harmed by the trial court=s
bifurcation of the revocation proceeding. 
The purpose of bifurcation is to protect a defendant from a jury=s
hearing punishment evidence in determining the question of guilt.[9]  Bifurcated proceedings are proper only in
cases tried before a jury on a plea of not guilty.[10]








In the
case before us, the trial court heard evidence supporting revocation and then
pronounced its order revoking Appellant=s
community supervision.  The trial court
then heard additional evidence to determine whether the sentence should be
reduced from one year=s confinement.  Appellant timely and properly objected to the
bifurcation.  But the evidence admitted
after the revocation order consisted of the testimony of one State=s
witness, who added nothing more than a brief rehash of the evidence of the
original offense, and the testimony of two defense witnesses.

Even
though the bifurcation was improper, the record does not reflect that Appellant
was harmed by the bifurcation.[11]  The trial court reduced his sentence by more
than half the term of original confinement assessed.  We overrule Appellant=s first
point.








In his
second point, Appellant contends that the trial court erred by admitting the
testimony of Eddie Gossage, the complainant in the underlying theft case.  Appellant argues that Gossage did not meet
the definition of victim set out in chapter 56 of the code of criminal
procedure.[12]  The State argues that because the trial court
is permitted to reduce a defendant=s
original sentence upon revocation if it Adetermines
that the best interests of society and the defendant would be served by a
shorter term of confinement,@[13] Gossage=s
testimony about the theft and the fact that all the stolen items were returned
except one was helpful and relevant to the trial court in determining whether
to reduce Appellant=s sentence.  After hearing Gossage=s
testimony, which did reveal that almost all the stolen items were returned, the
trial court determined that it was in the best interest of society and of
Appellant to reduce the term of incarceration from 365 days to 180 days.  We therefore cannot say that the admission of
the evidence harmed Appellant.[14]  We overrule his second point.

In his
third point, Appellant contends that the State failed to meet its burden of
proof for revocation.  Although Appellant
testified that he did not know that condition AK@ was a
condition of community supervision, State=s
Exhibit One, which is the judgment of community supervision and which lists the
conditions, contains condition AK,@
Appellant=s thumbprint, and his
signature.  He testified that he had had
a chance to look at the paperwork and that he believed that he had told the
judge at the original plea hearing that he=d
reviewed it.  He also testified that he
did, indeed, refuse to provide a breath sample when the police officer arrested
him for DWI.  In addition to Appellant=s
testimony, the trial court admitted into evidence the DIC-24 statement that
Appellant had signed acknowledging his refusal to submit to a breath test.








Sergeant
Stephen Shepherd of the city of Roanoke
testified that when he stopped Appellant=s
vehicle for speeding, the odor of an alcoholic beverage, Appellant=s
admission that he had consumed two drinks, and Appellant=s
performance on the field sobriety test provided probable cause to arrest
Appellant for DWI.  Sergeant Shepherd
testified that he believed that he had probable cause to believe that Appellant
had committed the offense of DWI and also testified that Appellant refused to
provide a breath sample when requested.

Applying
the appropriate standard of review, we hold that the State proved by a
preponderance of the evidence that Appellant had violated condition AK@ of the
conditions of community supervision as alleged in the State=s second
amended motion to revoke community supervision. 
Consequently, we overrule Appellant=s third
point.

Having
overruled Appellant=s three points, we affirm the
trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
December 11, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 31.03(e)(3) (Vernon
2003).





[3]Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).





[4]Montgomery v. State, 810 S.W.2d 372, 380,
391 (Tex. Crim. App. 1991) (op. on reh=g).





[5]Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).





[6]Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980).





[7]Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000, pet. ref=d).





[8]Cardona, 665 S.W.2d at 493B94.





[9]See Davis v. State, 968 S.W.2d 368, 372
(Tex. Crim. App. 1998).





[10]Tex. Code Crim. Proc. Ann. art. 37.07, ' 2(a) (Vernon 2006);
Barfield v. State, 63 S.W.3d 446, 449B50 (Tex.
Crim. App. 2001).





[11]See Tex. R. App. P. 44.2(b); Barfield, 63
S.W.3d at 450.





[12]See Tex. Code Crim. Proc. Ann. art. 56.01(3)
(Vernon 2006).





[13]Id. art. 42.12, ' 23(a).





[14]See Tex. R. App. P. 44.2(b).