

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-243-CR**

JAMES JOHN KARL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Based on a plea agreement, Appellant James John Karl pleaded nolo contendere to the offense of theft of $500–$1500,[2] and the trial court sentenced him to one year's confinement, probated for two years, and a fine of $1,000. Two conditions of Appellant's community supervision were that he

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 31.03(e)(3) (Vernon 2003).

commit no offense against the laws of the State (condition "A") and that he furnish a breath or urine sample at the request of any peace officer who has probable cause to believe that he may have committed an intoxication offense under chapter 49 of the Texas Penal Code (condition "K").

During the period of community supervision, Appellant was arrested for driving while intoxicated (DWI) with an open container. He refused to give a breath sample when he was arrested. He was subsequently tried for and acquitted of DWI.

In addition to prosecuting Appellant for DWI, the State moved to revoke his community supervision, alleging that he had violated the conditions of his community supervision by committing a new offense, DWI, and by refusing to give a breath test. At the revocation proceeding, Appellant stood mute before the trial court, so the trial court entered pleas of "not true" on his behalf. The trial court heard evidence and pronounced its findings of true on both allegations. The trial court then heard evidence on punishment and assessed punishment at 180 days in jail.

Appellant brings three points on appeal, arguing that the trial court erred by bifurcating the revocation proceeding, admitting victim impact testimony during a misdemeanor theft revocation proceeding, and revoking his probation in a matter in which the State failed to meet its burden of proof. Because we

2

hold that the trial court did not reversibly err, we affirm the trial court's judgment.

We review an order revoking community supervision under an abuse of discretion standard.[3] A trial court abuses its discretion when its ruling is made without reference to any guiding rules or principles, rendering the conclusion ultimately reached so arbitrary and unreasonable that it falls outside the zone within which reasonable minds may differ.[4]

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[5] Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[6] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the

---

[3] *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

[4] *Montgomery v. State*, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1991) (op. on reh'g).

[5] *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[6] *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

evidence in the light most favorable to the trial court's ruling.[7] If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision.[8]

In his first point, Appellant argues that he was harmed by the trial court's bifurcation of the revocation proceeding. The purpose of bifurcation is to protect a defendant from a jury's hearing punishment evidence in determining the question of guilt.[9] Bifurcated proceedings are proper only in cases tried before a jury on a plea of not guilty.[10]

In the case before us, the trial court heard evidence supporting revocation and then pronounced its order revoking Appellant's community supervision. The trial court then heard additional evidence to determine whether the sentence should be reduced from one year's confinement. Appellant timely and properly objected to the bifurcation. But the evidence admitted after the revocation order consisted of the testimony of one State's witness, who added

---

[7] *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).

[8] *Cardona*, 665 S.W.2d at 493–94.

[9] *See Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998).

[10] Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (Vernon 2006); *Barfield v. State*, 63 S.W.3d 446, 449–50 (Tex. Crim. App. 2001).

4

nothing more than a brief rehash of the evidence of the original offense, and the testimony of two defense witnesses.

Even though the bifurcation was improper, the record does not reflect that Appellant was harmed by the bifurcation.[11] The trial court reduced his sentence by more than half the term of original confinement assessed. We overrule Appellant's first point.

In his second point, Appellant contends that the trial court erred by admitting the testimony of Eddie Gossage, the complainant in the underlying theft case. Appellant argues that Gossage did not meet the definition of victim set out in chapter 56 of the code of criminal procedure.[12] The State argues that because the trial court is permitted to reduce a defendant's original sentence upon revocation if it "determines that the best interests of society and the defendant would be served by a shorter term of confinement,"[13] Gossage's testimony about the theft and the fact that all the stolen items were returned except one was helpful and relevant to the trial court in determining whether to reduce Appellant's sentence. After hearing Gossage's testimony, which did reveal that almost all the stolen items were returned, the trial court determined

---

[11] *See* Tex. R. App. P. 44.2(b); *Barfield*, 63 S.W.3d at 450.

[12] *See* Tex. Code Crim. Proc. Ann. art. 56.01(3) (Vernon 2006).

[13] *Id.* art. 42.12, § 23(a).

5

that it was in the best interest of society and of Appellant to reduce the term of incarceration from 365 days to 180 days. We therefore cannot say that the admission of the evidence harmed Appellant.[14] We overrule his second point.

In his third point, Appellant contends that the State failed to meet its burden of proof for revocation. Although Appellant testified that he did not know that condition "K" was a condition of community supervision, State's Exhibit One, which is the judgment of community supervision and which lists the conditions, contains condition "K," Appellant's thumbprint, and his signature. He testified that he had had a chance to look at the paperwork and that he believed that he had told the judge at the original plea hearing that he'd reviewed it. He also testified that he did, indeed, refuse to provide a breath sample when the police officer arrested him for DWI. In addition to Appellant's testimony, the trial court admitted into evidence the DIC-24 statement that Appellant had signed acknowledging his refusal to submit to a breath test.

Sergeant Stephen Shepherd of the city of Roanoke testified that when he stopped Appellant's vehicle for speeding, the odor of an alcoholic beverage, Appellant's admission that he had consumed two drinks, and Appellant's performance on the field sobriety test provided probable cause to arrest

---

[14] *See* Tex. R. App. P. 44.2(b).

Appellant for DWI. Sergeant Shepherd testified that he believed that he had probable cause to believe that Appellant had committed the offense of DWI and also testified that Appellant refused to provide a breath sample when requested.

Applying the appropriate standard of review, we hold that the State proved by a preponderance of the evidence that Appellant had violated condition "K" of the conditions of community supervision as alleged in the State's second amended motion to revoke community supervision. Consequently, we overrule Appellant's third point.

Having overruled Appellant's three points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 11, 2008