**Affirmed and Memorandum Opinion filed July 31, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00629-CR

---

### MELVIN JETSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1291685**

---

### M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. In two issues appellant contends the trial court erred in (1) sentencing him to five years in prison without first conducting a separate punishment hearing; and (2) conducting a bench trial without a written waiver of a jury trial. Finding that appellant was not entitled to a separate punishment hearing and that the record supports the judgment's recitation of jury

waiver, we affirm.

## BACKGROUND

Appellant raises procedural issues and does not challenge the sufficiency of the evidence to support his conviction. Therefore, in this memorandum opinion, a detailed recitation of the offense is not necessary. *See* Tex. R. App. P. 47.4.

Appellant entered a plea of not guilty to the offense of aggravated assault with a deadly weapon. The case was called to trial and the parties were awaiting a jury panel. Following a short recess, appellant made known his desire for a bench trial.

The following day the court proceeded to a bench trial on the offense of aggravated assault with a deadly weapon. At the conclusion of the one-day trial, the court recessed the case to review medical records and medications the defendant was taking. The court reconvened the next day, found appellant guilty of the second degree felony of aggravated assault, and assessed punishment at five years in prison. Appellant made no objection.

## ANALYSIS

### Separate Punishment Hearing

In his first issue appellant argues the trial court erred in sentencing him to five years in prison without first conducting a separate punishment hearing. Appellant argues that article 37.07 of the Texas Code of Criminal Procedure entitles him to a separate hearing on punishment, and that by failing to hold such a hearing he was harmed because he did not have the opportunity to present mitigating evidence. Appellant also argues he did not have an opportunity to object to the trial court's failure to hold a punishment hearing.

Article 37.07 of the Code of Criminal Procedure authorizes bifurcation of

2

jury trials in Texas, but not bench trials.

> The bifurcation statute provides, "In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed." The bifurcation statute "is applicable only to pleas of not guilty before a jury." The statute "ha[s] no application to a trial before the court on a plea of not guilty."

*Barfield v. State*, 63 S.W.3d 446, 449–50 (Tex. Crim. App. 2001) (citations omitted); *see* Tex. Code Crim. Proc. art. 37.07, § 2(a).

To preserve error for appeal, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. Tex. R. App. P. 33.1(a); *see also Weyandt v. State*, 35 S.W.3d 144, 154 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Rule 33.1 ensures that trial courts are provided the opportunity to correct their own errors before a case need be appealed. If a defendant fails to inform the trial judge of the potential error through a "timely request, objection, or motion," there is no such opportunity for correction at the trial level. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).

In this case, appellant did not object to being immediately sentenced upon a finding of guilt by the trial court, and did not inform the trial court that he had additional evidence relating to punishment. In his brief, appellant argues he "had neither an opportunity to present mitigating evidence nor had an opportunity to object to the trial court's failure to hold a punishment hearing." The court of criminal appeals has determined, however, that a defendant may raise the issue of a separate punishment hearing in a motion for new trial. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (finding motion for new trial preserved issue under article 42.12 in a probation revocation proceeding). Appellant did not file a

3

motion for new trial; therefore, he waived error. *See id.*

Waiver notwithstanding, article 37.07 of the Code of Criminal Procedure does not entitle appellant to a separate or bifurcated punishment hearing. "A bench trial is a unitary trial, and the decision of the court is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments are heard." *Prihoda v. State*, 352 S.W.3d 796, 807 n. 2 (Tex. App.—San Antonio 2011, no pet.) (citing *Barfield*, 63 S.W.3d at 451). The court in *Barfield* held that, "the unauthorized 'bifurcation' of a trial without a jury does not mean that a genuinely separate punishment phase exists." *Barfield*, 63 S.W.3d at 450. Because the guilt and punishment stages are not bifurcated in a bench trial, there is no requirement for a separate punishment hearing. *Id.* at 449–50; *see also Ferguson v. State*, 313 S.W.3d 419, 424 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("[E]ven if a trial court employs procedures characteristic of bifurcation, a bench trial remains a unitary trial punctuated by a recess in the middle.").

Because appellant waived error with regard to a separate punishment hearing, and was not entitled to a separate punishment hearing in a bench trial, we overrule his first issue.

**Written Waiver of Jury Trial**

In his second issue, appellant argues the trial court erred in conducting a bench trial despite appellant's failure to waive a jury trial in writing. Appellant, however, was not harmed by the lack of a written jury waiver.

Appellant argues that his conviction must be reversed because the record does not contain a written waiver of a jury trial in accordance with article 1.13 of the Texas Code of Criminal Procedure. In this case, the judgment of the trial court contains a recitation of a waiver of a jury trial. The Court of Criminal Appeals has

held that such a recitation is generally sufficient. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002). The omission of a written waiver is statutory error, not a constitutional one, and it must be presumed that the recitation in the judgment is binding in the absence of direct proof of falsity. *Id.* We analyze harm under Texas Rule of Appellate Procedure 44.2(b) and do not reverse unless the error affected appellant's substantial rights. *Id.*

In this case, after expressing his desire for a bench trial, the trial court admonished appellant as follows:

> THE COURT: Okay. Back on record. It is now 10:30 and we are awaiting the bailiff to deliver the jury.
>
> There's been some discussion about Mr. Jetson potentially waiving his right to a jury trial and having a Court trial instead. And so, the State has indicated that they're in agreement with that if indeed Mr. Jetson — if that is Mr. Jetson's desire.
>
> So, here's the bottom line, Mr. Jetson, is that you have a Constitutional right to a jury trial. Anybody and everybody does that's charged with a crime. Okay? And what that means, and I know that has been discussed with you and your lawyer before, is that any time like yourself, you're charged with this aggravated assault, you have the right to have a jury of your peers, 12 people that sit over there in those chairs, listen to all the evidence in this case and then at the end of it then they go back in the jury room and they consider everything they heard and saw and then they decide if you're guilty or not. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: That is an absolute Constitutional right that you have. However, you can waive that right. And that just means give that right up and decide that you want a Court trial. And if that's the case, that's fine, too, as long as the State agrees.
>
> Now, a Court trial means that I, just me, I will hear all the witnesses in the case from their side and your side. And then after I hear it all, then I'll decide whether or not they've met their burden of proof and whether they've proved beyond a reasonable doubt that you're guilty

5

or not guilty.

If I think that you're not guilty, then I find you not guilty. If I think, however, that you're guilty, then I find you guilty. And then I also assess the punishment in your case.

But that is a decision of yours. And so, what do you want to do? Do you want to talk to [defense counsel] Mr. St. John for a minute or have you made up your mind or what do you want to do?

THE DEFENDANT: I prefer you.

THE COURT: All right.

Mr. St. John, what do you say?

MR. ST. JOHN: Your Honor, I've had discussions with Mr. Jetson on a number of occasions about because of the extended time that he's been in this Court with his mental health history and he feels very comfortable with the Court, which, of course, is the reason why we were going to go to the Court for punishment. And certainly I'm in agreement with his decision to have a Court trial, your Honor.

THE COURT: Well, I just want — look, I guess I don't want you thinking right off, you know, the Judge has been really nice to me and professional with me and she's going to find me not guilty. I could, but I don't know if I will because I haven't heard anything. But I may not. Does that make sense?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. So, knowing all that, what do you want to do?

THE DEFENDANT: Go with you.

THE COURT: Okay. So, you understand, I'm the one and I'm the only one that's going to hear all the witnesses and decide?

THE DEFENDANT: Yes, ma'am.

The judgment states appellant waived a trial by a jury. Appellant did not allege that he did not know about his right to a jury trial, or that he did not agree to a bench trial. Appellant argues, without discussion, that the above "colloquy is insufficient to demonstrate the Appellant intelligently and knowingly waived his constitutional right to a jury trial in open court."

6

Appellant's statement that the "colloquy is insufficient" is not evidence that the judgment's recitation of voluntary waiver is false. There is no evidence in the record that the judgment's recitation is false. The record reflects that appellant was properly admonished of his right to a jury trial and knowingly waived that right. Having no evidence in the record that the judgment's recitation that appellant waived a trial by a jury is false, we are bound by that statement. We overrule appellant's second issue and affirm the trial court's judgment.

PER CURIAM


Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).