

NUMBER 13-12-00586-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

MIGUEL MALDONADO,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion by Justice Rodriguez

A jury found appellant Miguel Maldonado guilty of the offense of possession of

marijuana (less than two ounces), a Class B misdemeanor offense.  *See* TEX. HEALTH &

SAFETY CODE ANN. § 481.121(a)–(b)(1) (West, Westlaw through Ch. 46, 2015 R.S.).  By

two issues, Maldonado contends that (1) the evidence is insufficient to support his conviction; and (2) the trial court erred in denying his motion for directed verdict. We affirm.

## I. PROCEDURAL BACKGROUND

The State rested, and Maldonado moved for a directed verdict on the basis that the State did not establish any affirmative link between him and the contraband. The trial court denied Maldonado's motion. After the jury found Maldonado "guilty," the trial court pronounced punishment at 180 days' confinement in the county jail and a fine of $400.00 but suspended the imposition of Maldonado's sentence and placed him on community supervision for nine months. The trial court rendered its written judgment in accordance with the jury verdict and the court's sentencing pronouncements. This appeal followed.

## II. DISCUSSION

By two issues, Maldonado complains of the sufficiency of the evidence to support his conviction and the trial court's denial of his motion for a directed verdict of acquittal. Because Maldonado's challenge to the denial of his motion for a directed verdict is, in essence, a challenge to the sufficiency of the evidence, we will discuss the issues together. *See Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); *Zavala v. State*, 956 S.W.2d 715, 720 (Tex. App.—Corpus Christi 1997, no pet.).

### A. Standard of Review

Under the *Jackson v. Virginia* sufficiency standard of review, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact

2

could have found the essential elements of the offense beyond a reasonable doubt. *See* 443 U.S. 307, 318–19 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. We must determine whether the necessary inferences made by the trier of fact are reasonable based on the "cumulative force of all the evidence." *Id.* We conduct this review by measuring the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *see Adames*, 353 S.W.3d at 860 (measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offenses as defined by state law").

## B.    Applicable Law

Under a hypothetically correct jury charge, to prove unlawful possession of a controlled substance, the State has the burden of showing that the accused exercised control, management, or care over the substance, and that the accused knew the substance possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Because "an accused must not only have exercised actual care, control, or custody of the substance, but must also have been conscious of his connection with it and have known what it was, evidence which affirmatively links him to it suffices for proof that he possessed it knowingly." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc). "The 'affirmative links rule' is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone

3

else's drugs." *Poindexter*, 153 S.W.3d at 406. Thus, when "the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* (citation omitted). Mere presence of the accused at the location where the drugs are found is insufficient, by itself, to establish actual care, custody, or control of the drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Presence or proximity, however, when combined with other evidence, may be sufficient. *Id.*

Texas courts have recognized the following non-exclusive list of possible "affirmative links" as sufficient, either singly or in combination, to establish possession of contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 162

4

n.12; *see Jenkins v. State*, 76 S.W.3d 709, 713–14 (Tex. App.—Corpus Christi 2002, pet. ref'd). It is the State's burden to show that "there are affirmative links between the defendant and the drugs such that he, too, knew of the drugs and constructively possessed them." *Ferguson v. State*, 313 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Poindexter*, 153 S.W.3d at 412). "Ultimately, the question of whether the evidence is sufficient to affirmatively link the accused to the contraband must be answered on a case by case basis." *Jenkins*, 76 S.W.3d at 713.

## C.    Evidence

Police Officer Juan Antonio Hutton testified that he conducted a traffic stop of a vehicle with a broken tail light. He agreed that it was early evening on March 6, 2010, when he stopped the vehicle. According to Officer Hutton, Maldonado was a passenger in that vehicle.

A second officer, Gerardo Ramirez, responded to the location to assist. Officer Ramirez testified that when he arrived he observed Officer Hutton talking with Leopoldo Silguero, the driver of the vehicle. Officer Ramirez tried to make contact with Maldonado, the front-seat passenger, but Maldonado told him he was having difficulty opening the window—it would not roll down. So Officer Ramirez directed Maldonado to open the vehicle door.

Officer Ramirez explained that with the door open and Maldonado still seated, "I'm looking in, peering into the vehicle with my flashlight. And that's when I see a Marlboro box of cigarettes with something what I—I saw was a—well, in my experience to be marijuana . . . protruding from the inside of—of the box." The box was located "on the

5

floorboard between [Maldonado's] legs [by his feet]." Officer Ramirez agreed that the marijuana was within his plain view. According to Officer Ramirez, when he directed Maldonado to step out of the vehicle, "[Maldonado] was a bit hesitant at first. I noticed that his legs shifted, and in that I, you know, perceived that he actually was trying to conceal it because he was kind of hesitant at first to step out of the vehicle." On cross-examination, Officer Ramirez added that "[i]t seem[ed] like he was hesitating because it took a bit of a couple of seconds to actually exit the vehicle."

Officer Ramirez testified that after Maldonado stepped outside and to the side of the vehicle, he "got a closer look at it" and confirmed that what was on the floorboard was marijuana. According to Officer Ramirez, he believed that Maldonado knew that it was marijuana and that he was trying to conceal it. Maldonado informed Officer Ramirez that the marijuana was not his.[1] Officer Ramirez decided to arrest Maldonado because "[the contraband] was in his immediate area, his—his area where he was sitting, the fact that he actually, in my belief, he was attempting to conceal it." Officer Ramirez checked the vehicle after Maldonado was arrested for possession of marijuana and "found another Marlboro box sitting on top of the actual [right rear passenger] seat" and a "marijuana cigarette that was in there, a rolled one and a partially burned one inside."

The marijuana found in the rear seat area of the vehicle, in similar packaging, led to the arrest of David Perez, the backseat passenger.[2] After transporting Perez to police

---

[1] The driver of the vehicle and David Perez, another passenger, also denied a connection to the marijuana found in the vehicle.

[2] Officer Hutton testified that Perez had an active warrant out of Florida "for delivery of marijuana for sale, drug trafficking," that "it was not extraditable," and that Perez was released "after it was determined that the warrant had already been served."

headquarters, the transporting officer discovered a pipe in his patrol vehicle and charged Perez with possession of drug paraphernalia.

On cross-examination, Officers Hutton and Ramirez agreed they did not smell any odor of marijuana coming from the vehicle. Officer Ramirez also agreed that he detected no marijuana odor on Maldonado and that Maldonado did not have any marijuana on his person.

**D.     Analysis**

On appeal, Maldonado argues that the evidence is insufficient to support the jury's finding of guilt. He contends that "[t]here are simply not enough affirmative links[] connecting [him] to the marijuana, to support this conviction." More specifically, he claims that the State proved only that the contraband was "conveniently accessible" and was "found in close proximity" to Maldonado but failed to prove any additional facts that would logically lead to a conclusion that he possessed less than two ounces of marijuana—that he exercised control, care, or management of the marijuana and knew the substance was contraband. *See Poindexter*, 153 S.W.3d at 405.

The evidence establishes that the marijuana was located on the floorboard between Maldonado's legs, at his feet. It was on the same side of the vehicle where Maldonado was seated. In addition to the location of the marijuana, which made it conveniently accessible to Maldonado and in his close proximity, several other factors affirmatively link Maldonado to the contraband. *See Brown*, 911 S.W.3d at 747. First, Officer Ramirez testified that he saw the marijuana on the floor of the automobile. According to Officer Ramirez, he observed the marijuana protruding from the inside of the

7

Marlboro box of cigarettes. Officer Ramirez testified that it was in plain view. This evidence supports an inference, based on its location and on where Maldonado was seated, that the marijuana was in plain view of Maldonado. This, in turn, supports a determination that Maldonado knew he was in possession of the marijuana. *See In re K.T.*, 107 S.W.3d 65, 69 (Tex. App.—San Antonio 2003, no pet.) (en banc) (noting in a case involving a juvenile accused of delinquent conduct that marijuana found inside a cup holder was in plain view of the defendant); *cf. Wiersing v. State*, 571 S.W.2d 188, 190 (Tex. Crim. App. 1978) (explaining that marijuana was not in plain view of appellant). Second, the evidence reveals that by a furtive gesture—the shifting of his legs— Maldonado attempted to conceal the package containing the contraband from the officer's view, suggesting that Maldonado knew marijuana was in the cigarette box. Third, Maldonado hesitated, if only briefly, when he exited the vehicle, suggesting a connection with and knowledge of the marijuana because by leaving the vehicle the marijuana would be more fully exposed. We agree with the State that these factors constitute affirmative links sufficient for the jury to rationally conclude Maldonado possessed the marijuana. *See Adames*, 353 S.W.3d at 860; *Jenkins*, 76 S.W.3d at 713.

Nonetheless, Maldonado claims

> [t]hat an officer, using his go-go Gadget vision, was able to see a minuscule amount of marijuana, in a cigarette box, on the floor board of a car, between a person's feet, pushed forward towards the dashboard, at night, using his flashlight for illumination, all the while standing outside of the vehicle, does not make sense.

Based on this reasoning, Maldonado argues that Officer Ramirez's version of the events is simply not credible. But the trier of fact, after drawing reasonable inferences from the

8

evidence, is the sole judge of the weight and credibility of the evidence.  *See Adames*, 353 S.W.3d at 860.  And we conclude that the necessary inferences made by the jury, in this case, are reasonable based on the "cumulative force of all the evidence."  *See id.* Having so concluded, we will not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder, as Maldonado urges us to do.  *See Adames*, 353 S.W.3d at 860; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (en banc).

Maldonado also notes that he denied that he had a connection to the contraband upon inquiry by the arresting officer.  To the extent Maldonado's statement to the officer conflicts with the officer's trial testimony, we must assume the jury resolved any conflict in a manner that supports the verdict.  *See Lopez v. State*, 267 S.W.3d 85, 96 (Tex. App.—Corpus Christi 2008, no pet.).

Finally, Maldonado claims that the record is silent for many of the *Jenkins* factors. For example, he remarks that the record fails to reflect that anyone found large amounts of cash in the vehicle or smelled the odor of marijuana coming from the vehicle.  He also comments that the record is "totally devoid of any evidence" that there was contraband on Maldonado or that he was under the influence of marijuana at the time of his arrest. However, it is well established that the absence of certain links do not weigh against those that are present.  *Ferguson*, 313 S.W.3d at 426.  Moreover, it is not the absence of links or even "the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial."  *Evans*, 202 S.W.3d at 162.  And the evidence in this case establishes that marijuana was found at Maldonado's feet, in plain view; that

Maldonado attempted to conceal the packet from view, establishing both his knowledge of the presence of the contraband and his knowledge of the illegal character of the box's contents; and that Maldonado was hesitant in exiting the vehicle, which would have further exposed the marijuana.

## E.    Summary

Viewing the evidence in the light most favorable to the verdict, we conclude that from the logical, cumulative force of all of the evidence, and the necessary inferences drawn from that evidence, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.   *See Jackson*, 443 U.S. at 318–19; *Adames*, 353 S.W.3d at 860.   We conclude that the evidence is sufficient to support Maldonado's conviction.   And having found sufficient evidence, we conclude that the trial court did not err when it denied Maldonado's motion for directed verdict of acquittal.   We overrule Maldonado's first and second issues.

## III.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

10