# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00552-CR

---

**Jonathan Matthew Maldonado, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
NO. CR-17-1166-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Jonathan Matthew Maldonado of possession of 1 gram or more but less than 4 grams of a controlled substance (methamphetamine), a third-degree felony, and possession of less than 1 gram of a controlled substance (heroin), enhanced by prior state-jail felony convictions to a third-degree felony. *See* Tex. Health & Safety Code §§ 481.102(2), (6), .115(a)-(c); Tex. Penal Code §§ 12.34, .425(a). The district court assessed punishment at seven years' imprisonment for each offense and rendered judgments on the jury's verdict. On appeal, Maldonado challenges the sufficiency of the evidence supporting his convictions. We will affirm the district court's judgments.

## BACKGROUND

The jury heard evidence that on the evening of the arrest, Kyle Police Department Officers Dustin Shuler and Austin Nichols pulled over a car for a non-functioning brake light or

taillight and for not having its headlights activated. The car's only occupants were the driver, identified as William Allen, and the front-seat passenger, later identified as Maldonado. Officer Shuler began interacting with Maldonado and saw an open container of alcohol in the car's drink holder. Officer Shuler noticed that Maldonado avoided eye contact with him, showed signs of "extreme nervousness," and was sweating profusely despite the air conditioning running in the car. Officer Shuler asked Maldonado to step out of the car and speak with him. During their conversation, Maldonado exhibited signs of narcotic intoxication—in addition to his profuse sweating—including dilated pupils; a dry, "cottonmouth with saliva"; slow, slurred speech; and "continuously moving around." As the conversation continued, Maldonado had trouble keeping his eyes open, continued mumbling and slurring his speech, and delayed responding to questions.

After a backup officer arrived, Officer Shuler went to the driver's side to assist Officer Nichols with Allen. When he approached, Officer Shuler noticed a methamphetamine pipe in the center-console space next to the car radio. Officer Shuler testified that the pipe was in plain view and within Maldonado's reach but that he "did not believe" Maldonado would have been able to see it from a "particular angle." Officer Shuler asked Allen to exit the car, and as he did, Officer Shuler noticed a marijuana blunt in the driver's side door. Allen stated that he had recently sold a BMW, which explained the amount of cash found in his wallet. The wallet also contained a bill of sale supporting Allen's explanation.

Officers conducted a search of the car and found a "large bag" of what was later determined to be 3.407 grams of methamphetamine in an open compartment under the radio. Officer Shuler testified that this baggie of methamphetamine was located where Maldonado could have seen it and easily reached over and grabbed it. Officers also found a capped, undamaged syringe that was later determined to contain .434 grams of heroin beneath the left

2

corner of a floor mat for the front passenger seat where Maldonado had been. Additionally, officers found a baggie with a large amount of marijuana and two digital scales inside a black backpack on the rear passenger seat behind Maldonado.

Maldonado was detained, read his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S 436, 478-79 (1966), and interviewed. He had $1,340 in cash on his person. On the patrol-car video admitted into evidence, Maldonado told Officer Shuler that he was an electrician, that it had "been a while" since he was employed with a certain company, and that his last "side job" had been for his cousin a few weeks before. Maldonado also admitted that he smoked methamphetamines on the day of his arrest and that, "I smoke a lot of meth."

Neither Maldonado nor Allen claimed responsibility for any of the drugs found in the car. Based on where the drugs were found and the statements that the men provided, Officer Shuler arrested Maldonado and Allen for possession of the drugs. At the end of the guilt-innocence phase of trial, the jury convicted Maldonado on both counts as charged in his indictment. After a punishment hearing, the district court found both enhancement paragraphs true, assessed punishment at 7 years on each count to run concurrently, and rendered judgments on the jury's verdict. This appeal followed.

## DISCUSSION

Maldonado contends that there is insufficient evidence to support his conviction on either count for possession of a controlled substance. We determine whether there is sufficient evidence to support a conviction by considering the combined and cumulative force of all admitted evidence in the light most favorable to the verdict and deciding whether, based on that evidence and the reasonable inferences from it, a jury was rationally justified in finding guilt

3

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Proving a defendant's guilt beyond a reasonable doubt does not require disproving every conceivable alternative to his guilt. *Tate*, 500 S.W.3d at 413. Rather, direct evidence and circumstantial evidence are equally probative in a sufficiency review. *Id.* As the sole judge of credibility and weight to be attached to the testimony of witnesses, the jury may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial. *Jackson*, 443 U.S. at 326; *Tate*, 500 S.W.3d at 413. If the record supports conflicting inferences, we presume that the jury resolved those conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Tate*, 500 S.W.3d at 413.

Proof of the offense of possession of a controlled substance requires a showing that the defendant: (1) exercised control, management, or care over the substance in question; and (2) knew that the substance was contraband. Tex. Health & Safety Code § 481.115(a); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015). "Possession" requires "actual care, custody, control, or management." Tex. Health & Safety Code § 481.002(38). "Intent can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

The law does not require proof of the defendant's exclusive possession of the controlled substance. *Ferguson v. State*, 313 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2009, no pet.). But "[a] defendant's mere presence is insufficient to establish possession." *Tate*, 500 S.W.3d at 413. When the contraband is not in the defendant's exclusive possession, the jury may nonetheless infer that the defendant intentionally or knowingly possessed the contraband, such as illegal narcotics, when there are sufficient independent facts and circumstances justifying

4

that inference. *Id.* The Court of Criminal Appeals has cited a nonexclusive list of fourteen factors that may indicate a link between a defendant and the knowing possession of contraband:

(1) the defendant's presence when a search is conducted;

(2) whether the contraband was in plain view;

(3) the defendant's proximity to and the accessibility of the narcotic;

(4) whether the defendant was under the influence of narcotics when arrested;

(5) whether the defendant possessed other contraband or narcotics when arrested;

(6) whether the defendant made incriminating statements when arrested;

(7) whether the defendant attempted to flee;

(8) whether the defendant made furtive gestures;

(9) whether there was an odor of contraband;

(10) whether other contraband or drug paraphernalia were present;

(11) whether the defendant owned or had the right to possess the place where the drugs were found;

(12) whether the place where the drugs were found was enclosed;

(13) whether the defendant was found with a large amount of cash; and

(14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). The Court noted that while these factors may assist a reviewing court's analysis, the ultimate inquiry is still whether a jury was rationally justified in finding a defendant's guilt beyond a reasonable doubt based on the combined and cumulative force of the evidence and any reasonable inferences therefrom. *Id.* (citing *Jackson*, 443 U.S. at 318-19); *see Evans*, 202 S.W.3d at 162 ("It is . . . not the number of

5

links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial.").

Here, several factors link Maldonado to the methamphetamine. He was present when police conducted the search of the car and found a "large bag" of what was later determined to be 3.407 grams of methamphetamine. This methamphetamine was found in an open compartment under the radio. Maldonado was in close proximity to this methamphetamine, which was accessible to him. As Officer Shuler testified, this baggie of methamphetamine was where Maldonado could have seen it and easily reached over and grabbed it. *See Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984) (concluding that sufficient evidence supported defendant's conviction for possession of marijuana, including that "a partially full baggy of marihuana was found in the right rear floorboard" near right rear side of car where defendant was seated). Maldonado was under the influence of narcotics when he was arrested. He made incriminating statements about using methamphetamine that day and admitted, "I smoke a lot of meth." Other contraband and drug paraphernalia were present with the methamphetamine, including a large amount of marijuana in a baggie and two digital scales in a backpack on the seat directly behind where Maldonado sat and a methamphetamine pipe in the center-console space next to the car radio that was within Maldonado's reach. Further, Maldonado was inside the car, an enclosed space where the methamphetamine was found. *See Deshong v. State*, 625 S.W.2d 327, 328, 329 (Tex. Crim. App. 1981) (concluding that sufficient evidence supported defendant's conviction for possession of controlled substance, including that contraband was found inside vehicle, was on "floorboard directly in front of" defendant's seat, and "was found on the same side of the car seat as that in which [defendant] was sitting"); *Robinson v. State*, 174 S.W.3d 320, 327 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd)

6

(noting that controlled substance was found in "factory compartment located in the wall behind the back seat of the truck in which appellant was a passenger" and that "[t]he truck and the factory compartment are enclosed spaces").  Also, Maldonado was found with $1,340 in cash on his person but said that it had "been a while" since he was employed and that his last "side job" had been weeks before.

Several factors likewise link Maldonado to the heroin.  He was present when officers found a capped, undamaged syringe that was later determined to contain .434 grams of heroin.  The heroin was found beneath the corner of a floor mat for the front passenger seat where Maldonado sat.  Maldonado was in close proximity to the heroin, which was accessible to him.  *See Deshong*, 625 S.W.2d at 328, 329; *Lewis*, 664 S.W.2d at 349.  The State notes that the jury could have inferred from the condition of the heroin syringe that it had not been under the floormat for a long time because no one had stepped on it.  Further, the State notes that given the location of the syringe just beneath the corner of the floor mat on Maldonado's side, the jury could have inferred that Maldonado possessed the heroin and hid it quickly before police spoke to him.  Additionally—as we have noted when discussing the other factors—Maldonado was under the influence of narcotics when he was arrested, made incriminating statements about using methamphetamine that day, and admitted to smoking "a lot of meth," and other contraband and drug paraphernalia were present, including a large amount of marijuana in a baggie, two digital scales, and a methamphetamine pipe.  Maldonado was inside the car, an enclosed space, where the methamphetamine was found, *see Robinson*, 174 S.W.3d at 327, and he had $1,340 in cash on his person but said that it had "been a while" since he was employed and that his last "side job" had been weeks before.

Apart from these factors, Maldonado contends that a jury note sent during deliberations suggests that there was insufficient evidence to support his conviction on the heroin count. The note stated, "We have a unanimous verdict on one count. On the other count, there are jurors on each side of the fence who are resolute in their position. In other words, it does not appear [that] we can reach a unanimous verdict on one of the counts." However, the jury's note is not evidence considered under the governing standard for reviewing the sufficiency of the evidence admitted during trial, and Maldonado cites no authority stating otherwise. *Cf. Jackson*, 443 U.S. at 318-19; *Tate*, 500 S.W.3d at 413; *cf. also* Tex. R. App. P. 38.1(i). Moreover, Maldonado's contention requires us to infer which count was referenced in each sentence of the jury's note.[1] Ultimately, after the district court provided a "Supplemental Charge" instructing the jury to continue deliberating, the jury returned its unanimous verdict on both counts. *See Traylor v. State*, 567 S.W.3d 741, 744 & n.14 (Tex. Crim. App. 2018) (noting that supplemental charge, or "*Allen* instruction," is sometimes given to deadlocked jury, emphasizing importance of reaching verdict); *see also Allen v. United States*, 164 U.S. 492, 501-02 (1896). Maldonado polled the jury, and each juror stated that was his or her verdict as to counts one and two.

We conclude that the combined and cumulative force of the evidence admitted during trial—considered under the proper standard of review for sufficiency challenges and with due deference to the jury's assessments of witness credibility and resolution of any conflicts in the evidence—could have allowed a rational jury to find beyond a reasonable doubt the essential elements of the offense of possession of a controlled substance as charged in each count of

---

[1] The jury's note did not specify which count had been resolved by unanimous verdict and which count remained unresolved at the time. Maldonado acknowledges that the "record is unclear if the jury was initially undecided on the verdict in regard to the heroin or the methamphetamine possession."

Maldonado's indictment. *See* Tex. Health & Safety Code §§ 481.002(38), .102(2), (6), .115(a)-(c); *Tate*, 500 S.W.3d at 413-14; *see also Jackson*, 443 U.S. at 307, 318-19, 326. Thus, the evidence admitted during trial was sufficient to support both of his convictions. We overrule Maldonado's first and second issues.

## CONCLUSION

We affirm the district court's judgments of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Triana

Affirmed

Filed:   July 15, 2021

Do Not Publish

9